WILLIAM P. JOWERS, plaintiff in error, *vs.* JAMES L. BAKER, defendant in error.

1. Where the action is by a partner against his copartner for an alleged breach of contract to furnish timber and saw-logs to meet the demands of a mill and keep it constantly running, it is error for the court to charge the jury that "nothing definite having been said as to the quantity to be furnished, then the obligation upon the part of the defendant was to furnish as many stocks as might be sawed with profit, and reasonably necessary for the greatest success of the partnership enterprise."   The form of the charge is not quite free from objection, inasmuch as the jury may have understood the court to mean that nothing definite was in fact said as to quantity; but the substance of the charge is clearly inapplicable to the declaration, which does not seek a recovery for failure to furnish as many stocks as might be sawed with profit and reasonably necessary for the greatest success of the partnership business, but for failure to furnish enough to meet the demands of the mill and keep it constantly running.

2. There being no evidence that the defendant did not know he was not furnishing stocks enough to run the mill to its full capacity, but, on the contrary, his own statement to the jury, on the trial, being that he did not furnish enough, and that the plaintiff complained to him of the deficiency, it was error to charge the jury that if the plaintiff had the management and control of the mill, the defendant was entitled to notice of the deficiency, so that he might have fulfilled his obligation.

3. Generally, when a partner undertakes to perform a distinct part of the common business, he must know for himself whether he is discharging his duty or neglecting it.   He may urge a waiver of strict performance, but cannot excuse his failure on the ground of voluntary ignorance.

Contracts.   Charge of Court.   Partnership.   Before Judge CRAWFORD.   Marion Superior Court.   April Term, 1876.

Jowers brought complaint against Baker.   The declaration presented the following facts: In September, 1871, these parties entered into a verbal agreement or contract for the purpose

of conducting a saw-mill business. Plaintiff was to furnish the mill and fixtures, and to keep them in running order; defendant was, to furnish at the mill sufficient lumber to keep it constantly running; the partnership to last six months, or longer by agreement, and in no event should either party stop the business without notice to the other. Plaintiff fully complied with his part of the contract. Defendant did not, but only furnished lumber enough to run the mill about one-half the time, so that while the cutting capacity of the mill was seven thousand feet per day, only three thousand five hundred feet were sawed. Moreover, defendant stopped the business for a month without notice to plaintiff. Lastly, defendant borrowed from plaintiff a yoke of oxen with which to haul saw-logs, and by neglect and abuse considerably lessened their value. The entire damage was laid at $3,844 75.

Defendant pleaded the general issue.

On the trial, the evidence for plaintiff made the following case. The contract was as stated in the declaration. After conducting the business together for some time, plaintiff, by consent of defendant, rented his interest in the mill to one Lidy, who was to hold under the same contract. Afterwards there was some dissatisfaction between the parties, and plaintiff took back the mill, and continued the business with defendant as formerly. The sawing capacity of said mill was from five thousand to seven thousand feet of lumber per day, worth from $1 00 to $1 50 a hundred. Defendant failed to furnish logs sufficient to keep it running, so that it was idle from one-third to one-half the time. Plaintiff complained to defendant about this, but it was not remedied. Plaintiff bought a yoke of oxen for $90 00 and allowed defendant to use them in hauling logs; their value was much diminished in this service.

The evidence for defendant was similar to the above, with one exception, to-wit: Defendant testified that he agreed to furnish logs for the mill, not that he would furnish enough to keep the mill *constantly running*, nor did he do this.

The court charged, amongst other things, as follows: "No-

Jowers *vs.* Baker.

thing definite having been said as to the quantity to be furnished, then the obligation on the part of the defendant was to furnish as many stocks as might be sawed with profit, and were reasonably necessary for the greatest success of the partnership enterprise. The strictest good faith between partners being always required, if the plaintiff had the management and control of the mill, and the quantity of stocks was not sufficient to run the mill to its full capacity, then the defendant was entitled to notice of the deficiency, so that he might have fulfilled his obligation."

The jury found for the defendant. Plaintiff made a motion for a new trial, one of the grounds of which was the above charge. The motion was overruled, and plaintiff excepted.

T. H. PICKETT, by W. A. LITTLE, for plaintiff in error.

BLANDFORD & GARRARD, for defendant.

BLECKLEY, Judge.

1. The contract declared upon was construed by this court at July term, 1875, on a writ of error in the same case between the same parties: *Jowers vs. Baker*, 55 *Georgia Reports*, 184. Until the plaintiff has proved substantially *that* contract, and a breach thereof by defendant, he cannot recover. While the declaration stands as it is, there is no propriety in instructing the jury upon any other contract, further than to tell them that no other contract imposed any obligation that is now sought to be enforced. A case should be tried on the pleadings as well as on the evidence. Let each party stand by what he has pleaded, and bring up his evidence, if he can, to what he has thus put on the record. If his pleading is defective, let him amend, so far as the rules of amendment allow; but until he does amend, the court and jury should both hold a firm grasp on the precise matters alleged. In finding a general verdict, it is not enough for the jury to ascertain what the facts are; they must go further, under proper instructions

Jowers *vs.* Baker.

from the court, and determine whether or not the facts established support the declaration. We think it was quite irrelevant to charge the jury on any obligation to furnish as many stocks as might be sawed with profit and reasonably necessary for the greatest success of the partnership enterprise. If this was meant as a measure of the defendant's obligation under the contract declared upon, it was a different measure from that which this court recognized and announced when the case was here before. If, on the other hand, it was meant to apply to some other contract, the jury were drawn off to deal with a case other than the one on trial. The harm to the plaintiff in thus diverting their attention was this: On that branch of the case which related to quantity, the jury were concerned to know what was requisite to keep the mill constantly running; if they thought the contract was, in fact, as alleged, that was the quantity for them to work out; but instead of concentrating on that, they were allowed to straggle off upon the inquiry as to how much was reasonably necessary for the greatest success of the partnership enterprise. With this inquiry they had, or should have had, nothing to do. How much could the mill have sawed? How much less did the defendant furnish? What, if anything, was the plaintiff's loss on the difference? These were the three remaining questions, if the jury were satisfied that the contract was what the plaintiff alleged it to be; and if they believed, from the evidence, that such was not the contract, there was no remaining question at all—the case was at an end. The form of the charge was also a little open to misconstruction, as the jury may have understood the court to intimate an opinion that nothing definite was said as to quantity in making the contract.

2. It seems to us that the charge on the subject of notice to the defendant was not called for. The defendant's position was, that he never contracted to furnish stocks to the full capacity of the mill. His own sworn testimony was, that he did not furnish that many, and that the plaintiff complained to him of a deficiency. He neither pleaded nor proved want of

notice.   He claimed to be free by his contract to furnish less than enough to keep the mill constantly running.   Notice to him was not in issue.

3. But if it had been, surely it was enough for the plaintiff to complain to him, without giving him any other notice. Generally, a man should attend to what he has contracted to do, without either complaint or notice from his associates in business.   For aught that appears, the defendant knew quite as well as the plaintiff what supply was needed and what was furnished.   The mill was on his land, and probably was as convenient to his personal observation as to that of the plaintiff.   If the supply was short, and the plaintiff, knowing the fact, and having convenient opportunity to complain, or remonstrate, his failure to do so, if he did fail, might be taken as a waiver of strict performance.   But in the absence of such waiver, the defendant could take no benefit from his voluntary ignorance of his own short-comings.   Let the case be tried over.

Judgment reversed.